N. BASSETT ET AL. v. N. B. SHERROD ET AL.

Decided June 18, 1896.

1. Supreme Court—Jurisdiction—Conflict in Decisions.

Some apparent inconsistency between the propositions stated in an opinion by the Court of Civil Appeals and those previously announced by the Supreme Court, where the cases are distinguishable and there is not a well-defined conflict, will not give the latter court jurisdiction over a cause reversed and remanded by the former.

APPLICATION for writ of error to the Court of Civil Appeals, Third District, in an appeal from Brown County.

The suit was trespass to try title in which defendants recovered judg-

ment in the trial court. On appeal this judgment was reversed and re-manded. (35 S. W. Rep., 312.)

Appellees sought writ of error on the ground: 1. That the court erred in holding a certain sheriff's deed to L. R. Knight void for insufficient description of the land and parol testimony inadmissible to aid the description and identify the land; and in so doing overruled Kingston v. Pickens, 46 Texas, 101; Wilson v. Smith, 50 Texas, 369; and Giddings v. Day, 84 Texas, 608.

2. That the court erred in holding that such sheriff's deed was not sufficient to serve as the basis of a suggestion of improvements in good faith; and in so doing overruled Berry v. Donley, 26 Texas, 736; Hill v. Spear, 48 Texas, 583; French v. Grenet, 57 Texas, 278; Cole v. Bammell, 62 Texas, 116; and House v. Stone, 64 Texas, 683-686.

*Wilkinson & Rice,* for applicants.

GAINES, CHIEF JUSTICE.—In this case the judgment of the District Court was reversed and the cause remanded. Although the cause is sent back with instructions, the decision of the Court of Civil Appeals does not settle the case; nor is it so averred in the petition for the writ of error. But in order to show jurisdiction in this court it is alleged that the decision of the Court of Civil Appeals is in conflict with certain decisions of this court on two propositions announced in the opinion. We have examined the cases cited in support of the averment, and, while we find that there may be some apparent inconsistency between the propositions stated in the opinion in the present case and those announced in the cases referred to in the petition, we think that the present case is distinguishable from either of those cited, and that there is not that well defined conflict between them which is necessary to give this court jurisdiction of a remanded cause.

Therefore the application is dismissed for want of jurisdiction.

*Application dismissed.*