Mrs. Etta Frazier, in behalf of herself and minor son, sued the Texas Central Railroad Company to recover damages claimed to have been suffered by reason of the death of her husband, J.W. Frazier, alleging: (1) that such death was the result of carelessness of the engineer upon the freight train in running over some cattle, causing the wreck of the train upon which said Frazier was one of the brakemen, and (2) that at the time of the accident said engineer was entrusted by the defendant railroad with the authority to *Page 37 
direct said Frazier in performance of his duties as brakeman, and was therefore a vice-principal of defendant.
The evidence showed that under the rules of the Company the train crew consisted of the engineer, fireman, conductor, and two brakemen, of which the deceased Frazier was one; that as they were running along at about the rate of twenty miles per hour, the engineer, fireman, conductor, and Frazier being on the engine, cattle were discovered lying on the track a short distance in front of the engine, whereupon the engineer gave the signal for brakes and Frazier went back onto the cars for the purpose of setting the brakes, and while he was performing that duty the train ran over the cattle, resulting in a wreck of some of the cars and injuries to Frazier, from which he died. Though it is earnestly disputed by plaintiff in error, let it be conceded, for the purposes of this opinion, that the evidence warranted the jury in believing that the engineer was guilty of negligence resulting in Frazier's death. The evidence showed that, under the rules of the company, (1) the entire train crew were under direction and control of the conductor during the trip; (2) it was the duty of the engineer, whenever in his judgment in the operation of the train it was necessary to have the brakes applied, to give certain signals therefor from the engine, such signals being the only method by which he could order the application of the brakes; (3) upon the giving of such signals by the engineer it was the duty of the brakeman to apply the brakes.
Mrs. Frazier recovered judgment against the railroad, which judgment being affirmed by the Court of Civil Appeals, the Railroad Company as plaintiff in error has brought the case to this court, assigning as error that the Court of Civil Appeals erred in not sustaining its assignment in that court to the effect that the court below erred in rendering judgment for plaintiff because the verdict is without evidence in the record to support it, there being no evidence that the engineer was a vice-principal of the defendant company as claimed by plaintiff.
The question stated in a different form is: were the engineer and the brakeman Frazier fellow-servants under the Act of March 10, 1891, which was in force at the time of the accident? If they were, the judgment must be reversed. In G. C. S. F. Ry. Co. v. Warner, 35 S.W. Rep., 364, 89 Tex. 475, this court held that under the Act of 1893, which seems to be the same as the Act of 1891 as far as this case is concerned, in order to constitute two persons fellow-servants the following distinguishing characteristics must be found concurring and common to them: (1) they must be engaged in the common service; (2) they must be in the same grade of employment; (3) they must be working at the same time and place; and (4) they must be working to a common purpose. We do not understand that any question is made as to the correctness of the construction placed upon the statute in that case, nor do we understand it to be denied that the first, third and fourth of said characteristics are shown by the evidence to be concurring and common *Page 38 
to the engineer and Frazier in the case before us; but defendant in error denies that they "were in the same grade of employment," for the reason that under the Warner case the test as to whether they were in the same grade of employment was decided to be whether one had authority over the other while engaged in the common service, and the evidence here shows that the engineer had authority over Frazier in that he had the power by signal to direct him to apply the brakes.
The purpose of the statute was to impute to the master the negligence of an employe upon whom he has conferred authority or power to influence the action or volition of another employe in the performance of his duties. Under the common law rule, as settled in this State before the statute, the negligence of an employe would not have been imputed to the master unless he had the power to employ and discharge, it being assumed that such power was necessary to subject the will of the latter to that of the former.
The statute, however, is based upon the theory that the authority or power in one employe to superintend, control, or command, or direct another employe in the performance of his duties, as effectually influences and subjects to the former the will of the latter as does the power to employ and discharge. But it was not the purpose of the statute to impute to the master the negligence of an employe upon whom he had conferred no such power, but had merely imposed the duty, in certain contingencies arising in the course of his employment, of giving a signal whereby another employe would know that the occasion had arisen for him to perform some duty imposed upon him by the rules governing his employment, leaving such employe free to perform such duty in his own way under such rules. In such a case there is no subjection of the will of one to that of the other.
Under the common law rule as established in Ohio there is imputed to the "master the negligence of a servant to whom he has delegated authority over other servants." In the case of Railway v. Ranney, reported in 5 Am. Eng. R. R. Cases, 533, the question before the Supreme Court of Ohio was whether an engineer who gave the signal for the brakesman to take off the brakes was in so doing exercising any authority over the latter. Upon this question the court say: "Indeed, the only pretence found in the testimony for the claim of defendant in error that brakemen are subordinate to the engineer of the train is found in the fact that it is the duty of brakemen to observe and obey certain signals given by the engineer, to-wit: Rule 18. 'One long blast of the whistle is the warning of the approach of a train; one short blast is a signal for putting down brakes and stopping the train; two short blasts for releasing the brakes and starting the train; three for backing the train.' It is contended that the signals are in the nature of orders or commands which the engineer is authorized to give to brakemen, which they are bound to obey; and, hence, the relation of superior and subordinate is created. A majority of the court do not so understand either *Page 39 
the purpose or effect of the rule. These signals are so named properly, and are intended to notify all concerned of the thing signified. They are addressed to the conductor as well as brakemen, and it is the duty of the conductor to see that brakemen perform the duty signified. This duty is imposed upon the brakemen by force of the rule itself, and not by virtue of any authority vested in the engineer over the brakemen. The signal is a mere notice. The rule is the order of the company to the brakemen directly. Suppose a train is signalled by a station agent, as this train was, to stop for orders. It thereby becomes the duty of the conductor as well as of each employe on the train to stop for orders; and yet no one can contend that such station agent who gives the signal is the superior, and train crew subordinate employes of the company within the meaning of the rule under consideration. A variety of signals under a variety of circumstances are required to be given by different employes of the company to signify that an occasion exists for the performance of a particular duty; but it would be absurd to hold that in each case the employe giving the signal is a superior servant, to whom all others to whom information is thus communicated are subordinated; so that the company would be responsible to them for any act of negligence of the employe who gave the signal, whether such negligence was in giving the signal or in the performance of other duties." (Railway v. Camp, 65 Fed. Rep., 953.)
We are of the opinion that the signal given to the engineer for brakes was a mere notice to the brakesman Frazier that the occasion had arisen for him to perform a duty imposed upon him by the rules; that the fact that the engineer was intrusted by the company with the discretion of determining when the brakes should be applied and to signal therefor, did not give him any "authority of superintendence, control, or command," or "authority to direct" Frazier in the performance of his duties; that Frazier in attempting to set brakes in the performance of his duties was governed and controlled by the direction and command of the rules, and not of the engineer, and that therefore under the statute they were "in the same grade of employment" and fellow servants. It follows that the assignment of error was well taken and that the judgments of the trial court and Court of Civil Appeals must be reversed and the cause remanded.
Reversed and remanded.