MARY M. MANN v. JOHN DURST.

Decided October 12, 1896.

**1. Jurisdiction of Supreme Court—Conflicting Decisions.**

In order to give the Supreme Court jurisdiction over a case reversed and remanded on the ground that two Courts of Civil Appeals have held differently on

the same question of law, that question must be the same as that presented in the case in which the writ of error is sought. (P. 78.)

2. Same—Cases Distinguished.

Refusing a writ of error, sought on the ground of conflict in decisions, the court distinguish this case from St. Louis Cattle Co. v. Vaught, 1 Texas Civ. App., 388, and Abbey v. Shiner, 5 Texas Civ. App., 287. Those cases, which were in conflict, involved liability of one enclosing his own land to pay rent to another whose land was entirely surrounded by it; while in the present case the land of plaintiff so enclosed was adjacent to but not surrounded by defendant's. (P. 77.)

APPLICATION for writ of error to Court of Civil Appeals for Third District.

John Durst brought suit in trespass to try title against Mary M. Mann, who disclaimed. The question tried was as to defendant's liability for rent, she having enclosed with her own a tract of land belonging to plaintiff, adjacent to but not entirely surrounded by hers. Defendant had judgment below, and on appeal by plaintiff this was reversed and remanded. Appellee sought a writ of error, alleging jurisdiction in the Supreme Court because two Courts of Civil Appeals held differently as to the liability for rents in such case in the two decisions mentioned in the opinion.

*R. H. Looney,* for application.

GAINES, CHIEF JUSTICE.—This is a reversed and remanded case. In order to show jurisdiction of this court, the applicant asserts, "that this court has jurisdiction of this case, notwithstanding it was reversed. Because two of the Courts of Civil Appeals hold differently on the question of law herein presented, to-wit: 1. The Court of Civil Appeals for the Second Supreme Judicial District holds that the defendant below would be liable for rents under the facts of this case. (See St. Louis Cattle Co. v. Vaught, 1 Texas Civ. App., 388.) 2. The Court of Civil Appeals for the Fifth Supreme Judicial District holds that defendant below would not be liable for rents under the facts of this case. (See Abbey v. Shiner, 5 Texas Civ. App., 287.)"

We have carefully examined the two cases cited in the application in order to show the conflict, and we find that in neither of them was presented the precise question which was decided in the case now before us. It is true, there is conflict between the case of St. Louis Cattle Co. v. Vaught, 1 Texas Civ. App., 388, and Abbey v. Shiner, 5 Texas Civ. App., 287.

In the cases cited the lands of the respective plaintiffs below were entirely enclosed by the lands of the respective defendants, so that the latter in enclosing their own lands necessarily included those of the plaintiffs. In the present case the lands of the respective parties join each other, but those of the defendant below, the applicant here, do not surround those of plaintiff. In order to enclose her land, she constructed her fence on two of his outer lines. It is evident that there is a marked

distinction between the cases referred to in the application and the case here presented. They involve very different questions.

In order to give this court jurisdiction of a reversed and remanded case upon the ground that two Courts of Civil Appeals have held "differently on the same question of law," that question must be the same as that presented in the case in which the writ of error is sought.

Because we are without jurisdiction over the case, the application is dismissed.

*Application dismissed.*