## Jessie Hanway et al. v. Galveston, Harrisburg & San Antonio Railway Company.

Application No. 2747. Decided October 8, 1900.

**1. Jurisdiction of Supreme Court—Reversed Case—Conflicting Decisions.**

The court decline to entertain jurisdiction herein on the ground that the judgment reversing and remanding the cause (Railway v. Hanway, 57 Southwestern Reporter, 695) was in conflict with Texas, etc., Coal Company v. Connaughton, 50 Southwestern Reporter, 173,—distinguishing upon their facts the questions of law involved in the two cases. (Pp. 77, 78.)

**2. Same—Cases Distinguished—Negligence—Company Hospital.**

On the question of the liability of a corporation for injury to an employe by negligence of a physician in the company hospital, the ruling in this case (57 Southwestern Reporter, 695) holding the company liable only where negligent in selecting or retaining the physician (the hospital being only partly supported by a tax on the wages of the employes and the company making up the deficiency) presents a substantial difference from that in Texas, etc., Coal Company v. Connaughton, 50 Southwestern Reporter, 173, where the company was held liable for the physician's negligence on the ground that it rather derived a large profit from the hospital fund, than handled it as a trust for charity. (P. 77.)

**3. Conflict in Cases—What Gives Jurisdiction.**

Where the distinction between two cases is clearly not such as to lead to a different determination the questions will be considered the same; but where facts entitled to weight and consideration in deciding the matter appear in one case and not in the other, the Supreme Court will not consider (in determining its jurisdiction over a remanded cause on the ground of conflicting decisions) whether the difference is or is not such as ought to lead to a different decision. (P. 78.)

**4. Same.**

The same rule applies to decisions of Courts of Civil Appeals claimed to be in conflict, as announced in case of an alleged overruling of a decision of the Supreme Court (Bassett v. Sherrod, 90 Texas, 32); a well defined conflict is necessary to give jurisdiction to the Supreme Court. (P. 78.)

Application for Writ of Error to the Court of Civil Appeals for the Fourth District, in an appeal from El Paso County.

*T. A. Falvey, Waters Davis,* and *P. H. Clarke,* for applicant.

GAINES, CHIEF JUSTICE.—The applicant for the writ of error recovered a judgment against the Galveston, Harrisburg & San Antonio Railway Company, which was reversed by the Court of Civil Appeals for the Fourth Supreme Judicial District. The cause was thereupon remanded. She seeks, in her petition, to show that this court has jurisdiction of the cause by averring a conflict between the decision in this case and the decision of the Court of Civil Appeals for the Second District in the case of the Texas and Pacific Coal Company v. Connaughton, 50 Southwestern Reporter, 173. The rule is that we have no jurisdiction over reversed and remanded cases. To this rule there are several exceptions provided in the statute,—the seventh of which reads as follows: "Cases in which any two of the courts of civil appeals may hold differently on the same question of law." Rev. Stats., art. 941. Does this case and the Connaughton case present the same question of law?

This suit was brought by the applicant under our statute allowing damages for injuries resulting in death, to recover of the defendant company for the death of one William Hanway, which, it was alleged, resulted from the negligence of the company's surgeon while in the company's hospital. The Connaughton case was a similar case against the Texas and Pacific Coal Company. But that the cases present different questions is made apparent by the opinion of the Court of Civil Appeals in this case. That court say: "It appears that the railway company has since 1881 maintained a hospital department in connection with its road under the control of its manager, intended for the better care of its sick and wounded employes. For this it employed a chief surgeon and others. The money or fund from which the chief surgeon with other employes of said department and the other expenses thereof are paid is derived from what is called the hospital fund, which fund is raised by a tax of 50 cents per capita per month from all its employes and officers below the grade of division superintendent. This fund, it appears, has never been sufficient to defray the expenses of this department, the difference being made up by the company. The evidence here shows clearly that the company was not conducting this department as a business, derived no profit therefrom, and that it was not designed for profit. Under these circumstances, we are clearly of opinion that the railway company can not be held liable for the negligence of the physicians it furnishes except upon the ground of want of proper care in selecting or retaining them. * * * The case of Railway v. Connaughton, 50 Southwestern Reporter, 173, is not inconsistent with the views here expressed. There, a large profit appears to have been derived, which went to the company's credit in bank with its other moneys. The court states, 'So far from showing the creation of a trust fund for charitable purposes, the record suggests a monopoly, with accrued profits, in taking care of the sick.' "

Where there is a distinction between two questions but that distinction is clearly of such a character as not to lead to a different determination, the questions, it seems to us, are the same. But if there be facts in the one case which are not in the other and which are entitled to weight and consideration in deciding the matter in which they appear, the cases, in our opinion, are different. It is not for us to determine in this proceeding whether the difference in the facts stated by the Court of Civil Appeals in the opinion in the present case is or is not such as ought to lead to a different decision of the two cases. We merely hold that the difference is a substantial one,—that the questions are not the same,—and that therefore we are without power to grant the writ of error prayed for.

We have previously held that under the fifth exception to the rule laid down in article 941 of the Revised Statutes, a well defined conflict is necessary to give jurisdiction to the Supreme Court on the ground that the opinion of the Court of Civil Appeals overrules a decision of the Supreme Court. Bassett v. Sherrod, 90 Texas, 32. We think the same rule applies in this case.

The application is dismissed for want of jurisdiction.

*Dismissed.*