RED RIVER, TEXAS & SOUTHERN RAILWAY COMPANY ET AL. v. K. G.
McKERLEY.

Application No. 4621. Decided May 4, 1905.

**Jurisdiction of Supreme Court—Overruling Decision.**

The admission of evidence showing customary speed of train at the point of accident on other times, to prove fast running on the occasion in question, was not, in this case, where the testimony as to speed on the particular occasion was conflicting, so directly in conflict or irreconcilable with the ruling of the same appellate court in Houston & T. C. Ry. Co. v. Jones, 16 Texas Civ. App., 180, where such testimony was held not admissible under the state of the evidence there presented, as to amount to an overruling of that decision such as would give the Supreme Court jurisdiction to grant writ of error in a case reversed and remanded. (Pp. 16–18.)

Application for writ of error to the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County.

*C. H. Yoakum* and *Head, Dillard & Head,* for applicant.

GAINES, CHIEF JUSTICE.—In this case the Court of Civil Appeals reversed a judgment in favor of the applicant for the writ of error and remanded the cause. In order to show jurisdiction in this court to grant a writ of error it is alleged in the petition therefor that the Court of Civil Appeals "in holding that it is admissible to show the speed at which the engine customarily ran for the purpose of showing at what speed it ran on a specific occasion, and thereby establishing negligence in the running of it on such occasion, overruled its own decision of Houston & T. C. Ry. Co. v. Jones, 16 Texas Civ. App., 180."

The decision which it is claimed was overruled by the decision in

the present case is thus expressed in the opinion in that case: "Over the objection of appellant, the court permitted the appellee to show by two witnesses the usual speed of defendant's train, before and after the killing of said mule, at the place where said mule was killed. We think this objection should have been sustained. The proof of the rate of the speed of the train should have been confined to the speed of the train at the time the mule was killed. Whether negligence exists must be determined by the facts in the very case in which the question arises. In cases like this it is not permissible to show custom or habitual conduct of the defendant in order to show the existence or absence of negligence at a given time." It does not appear from the report, that there was any proof whatever, with reference to the speed of the train at the time of the accident, save that to which objection was made. In the present case there was the testimony of the engineer and of the pilot upon the engine which caused the accident and of another witness, who saw the train in motion, that at the time of the injury to the deceased the train was not running over six miles an hour; while on the other hand, there was testimony to circumstances which tended strongly to show its speed must have been much more rapid. Now while it may be that evidence as to the customary movement of the train at the point of the accident on other occasions may not, of itself, be competent to prove negligence, it does not follow that such evidence may not be admitted, when conflicting testimony upon the question has already been introduced. Subdivision 5 of Article 941 of the Revised Statutes gives this court jurisdiction of a case in which the judgment has been reversed and the cause remanded when "a Court of Civil Appeals overrules its own decisions, or the decision of another Court of Civil Appeals or of the Supreme Court." We have never held, that in order to give this court jurisdiction the later decision must expressly overrule the former; but we have held, in effect, that there must be an irreconcilable conflict between the two. (Hanway v. Railway Co., 94 Texas, 76; Bassett v. Sherrod, 90 Texas, 32; Mann v. Durst, 90 Texas, 76.)

The facts, that the case of Houston & T. C. Ry. Co. v. Jones, 16 Texas Civ. App., 180, was cited in the brief filed by appellee in the Court of Civil Appeals in support of the ruling of the trial court; that the case was not referred to in the opinion in this case, and that both opinions were written by the same judge, tend to show that the court did not consider that the opinions were in conflict. The competency of testimony to the effect that trains on a railroad were accustomed to run at a dangerous rate of speed at a certain place, in order to show negligence upon a particular occasion—there being no other evidence of such negligence—is one question; the admissibility of such evidence, when there is conflicting testimony as to such negligence, is another. Therefore we think these cases are distinguishable and that one can not be said to overrule the other, within the meaning of the statute we have under consideration.

We conclude that we are without jurisdiction either to grant or refuse the writ of error in this case, and therefore express no opinion as to the correctness of the ruling upon the admissibility of the tes-

timony either in this case or in the case in which it is claimed the decision has been overruled.

The application for the writ of error is dismissed for want of jurisdiction.

*Dismissed.*