GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. M. V. HERRING.

Application No. 5880.    Decided November 18, 1908.

**1.—Cases Distinguished.**

The charges on the question of the burden of proof of contributory negligence construed by this court in Brown v. Sullivan, 71 Texas, 470, and Gulf, C. & S. F. Ry. Co. v. Hill, 95 Texas, 629, distinguished from that in the present case and held to present no such conflict of rulings as to support the jurisdiction of the court to grant writ of error in a case reversed and remanded on appeal. (Pp. 102, 103.)

**2.—Same.**

The rulings in Texas & N. O. Ry. Co. v. Crowder, 63 Texas, 502; Gulf, C. & S. F. Ry. Co. v. Riordan, 22 S. W., 519; and Murray v. Gulf, C. & S. F. Ry. Co., 73 Texas, 2, as to the burden of proof of contributory negligence distinguished, on the facts involved, from the present case and held not to present a clear conflict of ruling.    (P. 103.)

**3.—Conflicting Rulings—Overruled Case.**

A decision which has been overruled or modified will not suffice to present such conflict with a later one as to support a writ of error therein in a reversed and remanded case.    (P. 103.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Medina County.

Herring sued the railway company and appealed from a judgment for defendant. On reversal and remand appellee obtained a writ of error on the ground of conflict in decisions.

*Baker, Botts, Parker & Garwood, Jno. C. Box, De Montel & Fly,* and *W. B. Teagarden,* for plaintiff in error.

The proof of plaintiff's case necessarily developed negligence and assumed risk on appellant's part and shifted to him the burden of excusing himself, and in holding to the contrary and in reversing and remanding this cause the Court of Civil Appeals is in direct conflict with the opinions of the other courts of Civil Appeals in the cases hereinafter cited under this proposition. Murray v. Gulf, C. & S. F. Ry. Co., 73 Texas, 2; Texas & P. Ry. Co. v. Brown, 78 Texas, 397; Railway v. Hill, 69 S. W., 136; Railway v. Wood, 69 Texas, 679; Williams v. Galveston, H. & S. A. Ry. Co., 34 Texas Civ. App., 145; Texas & P. Ry. Co. v. Geiger, 79 Texas, 13; Texas & P. Ry. Co. v. Reed, 88 Texas, 439; San Antonio & A. P. Ry. Co. v. Bennett, 76 Texas, 151; St. Louis S. W. Ry. Co. v. Martin, 26 Texas Civ. App., 231; Gulf, C. & S. F. Ry. Co. v. Allbright, 7 Texas Civ. App., 21; Texas & N. O. Ry. v. Crowder, 63 Texas, 502.

The Court of Civil Appeals erred in holding that the issue of assumed risk was not raised by the pleadings and evidence in this case; and in so holding that court is in direct conflict with the cases hereinafter cited. Hargis v. St. Louis, A. & T. Ry. Co., 75 Texas, 19; Campbell v. Fisher, 24 S. W., 663; Houston & T. C. Ry. Co. v. Milam, 60 S. W., 591; Galveston, H. & N. Ry. Co. v. Newport, 26 Texas Civ. App., 583. This charge covers the issue contended about in a general way, and under the authorities it was plaintiff's duty to request more specific instructions if he desired it. O'Brien v. Seale, 16 Texas Civ. App., 260; Texas & P. Ry. Co. v. O'Donnell, 58 Texas, 27; Silberberg v. Pearson, 75 Texas, 290; Texarkana & Ft. S. Ry. Co. v. Spencer, 67 S. W., 196; Texas & P. Ry. Co. v. Morin, 66 Texas, 225; Texas & P. Ry. Co. v. Beard, 68 Texas, 265; Texas & P. Ry. Co. v. Moseley, 58 S. W., 48; Temple Nat. Bank v. Warner, 44 S. W., 1025. In holding that the charge of the court was erroneous in the respect above referred to, the Court of Civil Appeals is in direct conflict with the numerous authorities above cited and many more.

The true rule is that the carrier of passengers is required to use "such high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them as would be used by very cautious, prudent and competent persons under the same circumstances." International & G. N. Ry. Co. v. Welch, 86 Texas, 203; Missouri P. Ry. Co. v. Johnson, 72 Texas, 95; International & G. N. Ry. Co. v. Underwood, 64 Texas, 463; Houston & T. C. Ry. Co. v. Corbett, 49 Texas, 573; Texas & P. Ry. Co. v. Davidson, 3 Texas Civ. App., 542; Fordyce v. Chancey, 2 Texas Civ. App., 24; Texas C. Ry. Co. v. Stuart, 1 Texas Civ. App., 642; Fordyce v. Withers, 1 Texas Civ. App., 540; Dallas C. T. Ry. Co. v. Randolph, 8 Texas Civ. App., 213; Texas & P. Ry. Co. v. Orr (Texas C. A.), 31 S. W., 696; Gulf, C. & S. F. Ry. Co. v. Stricklin (Texas C. A.), 27 S. W., 1093.

The Court of Civil Appeals erred in holding that in this case the burden was on appellee—defendant below—to prove contributory negligence and assumed risk on the part of plaintiff. This was error and is in conflict with the well settled rule of law in this State, under

the peculiar facts of this case, as will appear in the cases herein-before submitted.

*V. H. Blocker, L. J. Brucks, H. C. Carter, P. J. Lewis* and *Geo. Rowell,* for defendant in error.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

In the Court of Civil Appeals the judgment of the District Court was reversed and the cause remanded for a new trial. Jurisdiction of this court to grant the writ of error is invoked upon the ground that the decision of the Court of Civil Appeals upon questions of law overrules decisions of this court and other decisions of the Courts of Civil Appeals.

The first reason for which the Court of Civil Appeals reversed the judgment was that the charge of the trial court imposed upon plaintiff the burden of showing that he was not guilty of contributory negligence and had not assumed the risk. The application for writ of error takes the position that the charge was improperly construed, and that in this the decision of the Court of Civil Appeals overrules those of this court in the cases of Brown v. Sullivan, 71 Texas, 470, and Gulf, C. & S. F. Ry. Co. v. Hill, 95 Texas, 629.

In the present case the court gave the following instruction: "If you believe from the evidence that on or about the 29th day of August, 1906, while plaintiff was a passenger riding on the caboose of one of defendant's freight trains, that said train and caboose came to a stop at a point on defendant's road near the station of Glidden, in Colorado County, and if you further believe from the evidence that while said caboose was standing still that an engine and cars operated by defendant struck said caboose and cars with unusual force and violence; and if you further find from the evidence that plaintiff was not warned or notified that said caboose and cars would be struck, if you find they were, and if you further find from the evidence that by reason of said cars or engine striking said caboose and cars, if you find they did so, the plaintiff was thrown down and injured as alleged in his petition, and if you further find from the evidence that it was negligence on the part of the defendant to permit the said caboose and cars attached thereto to be struck with unusual force and violence, if you find they were struck with unusual force and violence, and that such negligence directly caused plaintiff's injuries, if any; and if you further find from the evidence that plaintiff was not guilty of any contributory negligence which contributed to his injuries, if any, and if he did not assume the risk, then your verdict should be for the plaintiff." And further that "the burden of proof is upon the plaintiff to establish his case by a preponderance of evidence." And the court gave no other instruction concerning the burden of proof. The Court of Civil Appeals, in the opinion, argues that the first instruction alone put the burden of proof as to contributory negligence and assumed risk upon the plaintiff, but also bases its decision partly upon the combined effect of the two in-

structions. We must take the decision as a whole, and, when so considered, it is a construction of charges in this case which are materially different from those held to present no reversible error in the cases cited, as will plainly appear from a comparison.

It is also urged that the question of contributory negligence arose out of and depended upon plaintiff's own testimony and that it was such as to impose upon him the burden of rebutting a conclusion of contributory negligence which would arise from the facts stated by him if left unexplained; and that the charge, if construed as the Court of Civil Appeals construed it, was correct in its application to this case; and that the decision that it was incorrect overrules those in such cases as Texas & N. O. Ry. Co. v. Crowder, 63 Texas, 502; Gulf, C. & S. F. Ry. Co. v. Riordan, 22 S. W., 519; Murray v. Gulf, C. & S. F. Ry. Co., 73 Texas, 2.

If all that is said in these cases, tending to the proposition that the burden of proof is ever on plaintiff on the question of contributory negligence, remained unaffected by later decisions of this court, it still could not be maintained that the conclusion of the Court of Civil Appeals in this case overrules them. They were based upon facts there under consideration bearing no resemblance to those here passed upon by the Court of Civil Appeals. The latter holding is that plaintiff's testimony in this case did not raise such question as to his contributory negligence as to put the burden of proof on him to show that he was not guilty of it. Certainly this can not be held to overrule decisions announcing different conclusions based on different facts. But the expressions on the subject in the cases relied on have been explained and the rule as to the burden of proof otherwise settled in later decisions of this court, and if a conflict existed between those expressions and the holding of the Court of Civil Appeals, this would not be sufficient to give jurisdiction to this court in a cause reversed and remanded by the Court of Civil Appeals. Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152; Sullivan v. Hartford Fire Insurance Co., 89 Texas, 665.

Another particular wherein it is claimed the decision of the Court of Civil Appeals overrules other decisions is in that part of the opinion which holds that there was no question in the case of plaintiff having assumed the risk of the defendant's negligence in the management of the train, if there was such negligence. This holding conflicts with no decision relied on. The only risks which plaintiff in error contends the plaintiff below did assume were those inseparable from the mode of transportation by freight train. The opinion of the Court of Civil Appeals admits this contention throughout its opinion, but holds that this assumption did not include risks resulting from the negligent management of the train, a holding which does not overrule any case.

The part of the charge of the trial court upon this subject held by the Court of Civil Appeals to be erroneous is not the one on which the third specification of error is based. What the court did hold was that the charge puts upon the plaintiff the assumption of the risk "of the ordinary and usual movements of said train" which the court held to mean the particular train on which plaintiff

was riding. This is a mere construction of the charge which overrules no case cited.

The other grounds of error are based upon mere language in different parts of the opinion under consideration concerning the degree of care required of carriers of passengers on freight trains. The court concludes its discussion by a statement of the rule by which it expresses the care required and its holding upon the subject is thus shown. If the rule stated differs otherwise than in form of expression from that contended for by plaintiff in error, we are unable to discern the difference. Certainly this part of the opinion does not overrule any case relied on by plaintiff in error.

Finding nothing upon which the jurisdiction of this court can rest, the question as to the correctness of the decision of the Court of Civil Appeals is not before us, and the writ of eror must be dismissed.

Writ of error dismissed.