Katherina Borchers v. W. S. Fly, Chief Justice, et al.

No. 3942.　Decided June 12, 1924.

(262 S. W., 733).

1.—Mandamus—Certified Question—Conflicting Decisions.

Decisions holding a judgment erroneous and reversible therefor on appeal are not in conflict with one holding same voidable only, and not subject to collateral attack as being void; and this irrespective of the correctness of the ruling that the attack was a collateral one. (Pp. 81-83).

2.—Same—Case Stated—Married Woman.

Judgment was rendered and a lien therefor fixed on the separate property of a married woman, by a suit against her and her husband on their joint note. This, though showing her to be married, disclosed no reason for making her separate property liable for the judgment. Becoming divorced, she sued thereafter to set aside the judgment and its lien, and was denied recovery on the ground that the judgment against her was voidable. not void, and could not be so attacked. *Held:* that rulings in other cases

(Wheeler v. Burks, 31 S. W., 434, and others) holding such a judgment erroneous and reversable on appeal presented no conflict justifying mandamus to compel the question to be certified to the Supreme Court. (Pp. 80-83).

3.—Same.

The case of Shaw v. Proctor, 193 S. W., 1104, where the judgment was against a married woman sued as though a feme sole and on a note in which her husband had not joined, is distinguished on its facts from the present case and held to present no conflict therewith requiring the question to be certified, and its correctness is not here involved or determined. Garitty v. Rainey, 112 Texas, 374, followed. (Pp. 83-84).

Original application by Borchers to the Supreme Court for writ of mandamus requiring the Court of Civil Appeals for the Fourth District to certify a question on the ground of conflict in decisions.

The Supreme Court referred the application to the Commission of Appeals, Section B, for its opinion thereon, and here adopts same and refuses the writ as therein recommended.

*Deidrich A. Meyer* and *Don A. Bliss,* for relator.

The petition in the suit against Henry and Katherina Borchers showed on its face that plaintiff had no cause of action against the latter. Trimble v. Miller, 24 Texas, 214; Covington v. Burleson, 28 Texas, 368; Menard v. Sydnor, 29 Texas, 257; Haynes v. Stovall, 23 Texas, 625; Edinburg Irr. Co. v. Paschen, 223 S. W., 329; Sandoval v. Rosser, 26 S. W., 930; Reynolds v. Stockton, 140 U. S., 254; Coe v. Armour Fertil. Works, 237 U. S., 413; Standard Oil Co. v. Missouri, 224 U. S., 270; Windsor v. McVeigh, 93 U. S., 274; Stewart v. Anderson, 70 Texas, 588. The wife in such case has a right to have such judgment vacated. Shaw v. Proctor, 193 S. W., 1104.

*Ben P. Lane* and *P. E. Johnson,* for respondent.

The judgment against *Katherina* Borchers was not void. Clayton v. Hurt, 88 Texas, 595; Railway Co. v. Dowe, 70 Texas, 1.; Trimble v. Miller, 24 Texas, 215.

MR. JUDGE STAYTON delivered the opinion of the Commission of Appeals, Section B.

Katherina Borchers has filed a petition praying for the issuance of a writ of mandamus to cause the chief and associate justices of the Court of Civil Appeals for the Fourth Supreme Judicial District to certify certain questions, on the ground that the opinion of that court in the decision of the cause of Williams et al. vs. Borchers (244 S. W., 1053) is in conflict with seven opinions previously rendered by other Courts of Civil Appeals and the Supreme Court.

Appellants, who were successful below, have filed a motion that the petition be dismissed. This has been taken with the case, and, in view of the fact that the conclusion has been reached that the writ of mandamus should not issue, that the material points raised in the motion have not been fully argued or presented, and that the court has not been persuaded whether they are correct, there would seem to be no real or proper occasion for making other disposition of the motion than to overrule it without comment. The merits of the petition will, therefore, be considered.

The general facts in the case may first be drawn and understood from the opinion of the Court of Civil Appeals, as a basis for determining whether a conflict is present.

Some time before April 15th, 1915, the assignors of Williams et al. brought suit in a county court against Henry Borchers and Katharina Borchers upon a promissory note and for foreclosure of a chattel mortgage. The petition alleged that the defendants were husband and wife and that they were makers of the note but contained none of the allegations necessary to hold a married woman separately liable upon her contract. It prayed for relief against both defendants. They were properly cited; and plaintiff prevailed against them on the date already mentioned. Abstract was filed, and process had, to fix a lien. Something over five years later, the Borchers having been divorced, Katharina Borchers filed suit in the same court to annul the judgment and to enjoin the enforcement of the lien against her property. Her attack was upon the theory that a judgment against a married woman taken upon a petition that shows her coverture but does not allege facts rendering her personally liable, is void and should be set aside on suit in the same court. She was successful in the trial, but on appeal the Court of Civil Appeals reversed and rendered in favor of her adversaries. The opinion upon which this action of the appellate court was based is the one that she now alleges is in conflict with the opinions presently discussed.

The Court of Civil Appeals, upon the facts above stated, held that the judgment was not void but merely voidable, that, therefore, the suit, being in its opinion a collateral attack, the judgment and lien could not be disturbed by it, and that, no want of jurisdiction or fraud being shown, Katharina Borchers' remedy, if any, was by appeal instead of by a suit such as the one that was filed by her.

Whether the grounds of this opinion or the result reached were correct or incorrect is not to be decided, but only the question of whether the Supreme Court, by reason of the conflicts that are assigned, should grant a writ of mandamus. Garitty v. Rainey, 112 Texas, 374.

The first six opinions that are alleged to be in conflict with the opinion of the Court of Civil Appeals in the present case are, Wheeler v. Burks, 31 S. W., 434; Pierson v. Beard, 181 S. W., 765: Red River National Bank v. Ferguson, 192 S. W., 1088: Trimble v. Miller, 24 Texas, 214; Covington v. Burleson, 28 Texas, 368; Menard v. Sydnor, 29 Texas, 257 and Haynes v. Stovall, 23 Texas, 625.

No one of these cases involved, as here, an attack upon a judgment by means of a separate suit after the term at which it was rendered, but each one of them was a case where a judgment against a married woman was appealed form and where, by an appellate court, it was decided to be error, under the pleadings or under the facts. for the trial court to have so decreed in the absence of some statutory show-ing that would have rendered a married woman personally liable upon the particular note or contract that was involved.

These opinions are considered not to be in conflict with the opinion below in the sense obtaining in a proceeding of this sort. Applying one test of such a question, it is clear that if all the cases had been from the same court, the present case, if allowed to stand, would not serve to overrule the others; for it does not follow that because, on the basis of certain defects, a judgment may not be set aside in a suit filed after the end of the term at which it is rendered, the same judgment on the basis of the same defects may not be revised on appeal. The erroneous admission of testimony furnishes an illustra-tion. However material it might be, such an error would not of itself authorize a trial court to set aside a judgment after the term at which it was rendered, in an independent suit; but it would in most cases authorize an appellate court to reverse the judgment on appeal. The decision of what is a voidable judgment on attack by separate suit and the decision of what is error on appeal are not equivalent. For that reason the former, though in apparent conflict with the latter, would not necessarily serve to overrule it, and that being granted, no conflict of opinions justifying the issuance of a writ of mandamus is present upon the basis of the cases just discussed.

As said by the Supreme Court through Chief Justice Cureton in Garitty. v. Rainey, 112 Texas, 374-375:

"The conflict in decisions of the Courts of Civil Appeals which will authorize this Court to issue a writ of mandamus and require cer-tification must be upon a question of law involved and determined, and such that one decision would overrule the other if both were rendered by the same court. The conflict must be well defined. An apparent inconsistency in the principles announced, or in the application of recognized principles, is not sufficient. The rulings must be so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other. In other

words, the rulings alleged to be in conflict must be upon the same question, and unless this is so there can be no conflict."

Under the decision thus announced, the opinion in the first six cases that are cited fails to reveal such a conflict with the opinion in the present case as to justify the relief sought by relator.

It is thought that the differences in the remaining case as to which a conflict is alleged (Shaw v. Proctor, 193 S. W., 1104) yield to the same decision. In observing the reasons for this view a comparison of the important features of that case and this one, as stated in the opinions in them, is necessary.

Shaw v. Proctor involved a suit against a woman as if she were a feme sole, her husband not being joined. The cause of action was upon a promissory note signed by her without the joinder of her husband. As a matter of fact, she was solely an accommodation party upon the note. She appeared in the case and defended it, but not upon the ground of coverture. Judgment went against her. She did not appeal but brought a separate suit to set aside the judgment. The Court of Civil Appeals granted her that relief, expressing the opinion that the attack was direct, that the note was void because the contract was not for such a purpose as to make it binding on a married woman and because the husband did not join in it, and that the judgment on that account was void for lack of jurisdiction and should be set aside.

The present case is one where a woman was sued as a married woman, her husband being joined. The cause of action was upon a promissory note signed by her with the joinder of her husband. The petition did not allege sufficient facts to render her liable as a married woman upon a note. She did not appear in the case and did not defend it in any way. Judgment went against her. She did not appeal but brought a separate suit to set aside the judgment. The Court of Civil Appeals denied her that relief, expressing the opinion that the attack was collateral, that the judgment was not void, although the contract was not alleged to be for such a purpose as to make it binding on a married woman, that the proper remedy would have been by appeal and that, no fraud or want of jurisdiction being shown, the judgment should not have been set aside.

It will be seen that in each of the cases some of the facts are identical and some of the conclusions of law are not identical. But that no conflict of a nature justifying the issuance of the writ of mandamus is present, follows from the principle announced in the case of Garitty vs. Rainey, already cited. Several of the important facts of the two cases as they appeared in the Court of Civil Appeals were essentially different. In the Shaw case the married woman was sued as a feme sole without the joinder of her husband; in the present case the husband and wife were joined as such. In the Shaw

case the husband did not join in the note; in the present case the husband did.

The first of these distinctions, alone, is thought to be sufficient to differentiate the facts of the two cases. For, where a married woman is sued upon a note as a feme sole, without the joinder of her husband, it has been held that, upon that ground alone, she may set the judgment aside in a separate suit, for the reason that the trial court had no jurisdiction of the case. Taylor v. Hustead & Tucker, 257 S. W., 232.

That the second distinction as to non-joinder of the husband in the note, was likewise material to the views of the Court of Civil Appeals in the Shaw case is evidenced throughout the opinion, to the extent that it is impossible to say that the conclusion reached would have been the same had those particular facts not been present.

Neither the circumstance that some of the conclusions of law in the opinion are in conflict with those announced in the present case, nor that some of the facts stated in each of them are identical, establishes a sufficient conflict in a proceeding of this character. If any of the material facts stated in the opinions are substantially different, such a conflict is not presented. The opinions must be considered ''as a whole'' and when so considered, in order that mandamus may issue, there must be an ''irreconcilable conflict between the two''. Bassett v. Sherrod, 90 Texas, 32, 36 S. W., 400; Sun Ins. Co. v. Roberts etc. Co., 90 Texas, 78, 37 S. W., 311; Shirley v. Conner, 98 Texas, 65, 80 S. W., 984; Red River etc. Co. v. McKerley, 99 Texas, 16, 86 S. W., 921; McKay v. Conner, 101 Texas, 313, 107 S. W., 45; Galveston, H. & S. A. v. Herring, 102 Texas, 103, 113 S. W., 521; Coultress v. City of San Antonio, 108 Texas, 150, 179 S. W., 515; Garitty v. Rainey, 112, Texas, 374, 247 S. W., 825.

No such conflict is found between the opinion last discussed and that in the present case nor, as stated, between this and any other opinion mentioned in the petition.

No jurisdiction is present to pass upon whether the decision of Shaw vs. Proctor is correct or incorrect, and no views are expressed upon that question which has been thoroughly argued by counsel for both parties.

We recommend that the petition be refused and, for the reasons already stated, that the motion to dismiss be overruled.

The opinion of the Commission of Appeals is adopted and mandamus refused.

*C. M. Cureton,* Chief Justice.