### GREEN v. JACKSON. (No. 7332.) *

(Court of Civil Appeals of Texas. San Antonio. April 8, 1925. Rehearing Denied April 29, 1925.)

Husband and wife &#8734;238(1)—Default judgment against married woman not void for failure of petition to allege facts sufficient to bind her separate estate.

Default judgment regular on its face against married woman and her husband on their joint note, ordering foreclosure of mortgage lien and sale of property, from which no appeal was taken, is not void, notwithstanding complaint did not allege cause of action which under Rev. St. art. 4624, would bind her separate estate.

Appeal from District Court, San Patricio County; T. M. Cox, Judge.

Suit by Mrs. F. J. Green and another against Roy Jackson, to set aside a default judgment. From a judgment for defendant on the cross-bill, the plaintiff named appeals. Reversed and rendered.

Wilson & Wilson, of San Antonio, and Jas. G. Cook, of Sinton, for appellant.

J. C. Russell, of Sinton, for appellee.

COBBS, J. This suit was instituted by Mrs. F. J. Green, appellant, and her former husband, F. J. Green, against appellee to cancel and set aside a default judgment ren-

dered against her and her said husband in a separate suit, No. 2814, on the docket of said court, rendered on March 17, 1922, and to cancel and set aside so much thereof as by default decreed a personal judgment against Mrs. F. J. Green, but did not seek to interfere with any part of the judgment against F. J. Green, the husband.

Before the trial of this case Mr. and Mrs. F. J. Green were divorced. Thereafter she continued the prosecution of the suit by amended pleadings in which her husband, F. J. Green, did not join.

Thereafter, and before the trial of this cause, Mrs. F. J. Green intermarried with J. J. McRae, who, at the instance of appellee, was made a party plaintiff to the suit.

The trial court held that the former judgment and decree against Mrs. Green was void in said cause No. 2814, and no objection to said decree was made by either party, and both parties went to trial upon the issues made by cross-action filed in this cause by appellee seeking a recovery made against her upon the original indebtedness in said former cause No. 2814, on the original note and open account. The substantial allegations in the cross-bill to bind the separate estate of Mrs. Green are as follows:

"That said note was executed by the said Mrs. F. J. Green, as principal, and by the said F. J. Green, husband of the said Mrs. F. J. Green, who signed same as surety and for the purpose of giving legal effect to same as the contract of a married woman, and such was the understanding of both the makers and payee of said note at the time of the execution of the same.

"That the note aforesaid represented a part of the purchase price of one Ford sedan automobile No. 4319899 sold and delivered on the 30th day of October, 1920, the date of the execution of said note, by defendant herein, Roy Jackson, to plaintiff herein, and on the 17th day of March, 1922, the date upon which a judgment was rendered in said cause No. 2814 in favor of defendant herein against plaintiff herein, the said Mrs. F. J. Green was the wife of the said F. J. Green; and that she, the said Mrs. F. J. Green, did, on both of said dates, and does now own property both real and personal in her own right and title, and for her own sole and separate use and benefit; that in the purchasing of said automobile as aforesaid she, the said Mrs. F. J. Green, represented to defendant herein, and to his agent, one W. B. Rachal, that she was acting in her individual capacity as a married woman, acting for herself in the management and control of her own separate estate, and that she was purchasing said automobile as a necessity for herself and invalid child, said necessity having arisen by reason of the fact that she had a very small child in very poor health, and she lived a considerable distance from the town of Mathis, Tex., their nearest railroad town, and without a car for her individual use it was very inconvenient to give the said child the attention it so much needed. Defendant further alleges that included in the judgment in cause No. 2814, in his favor, and against plaintiff herein, is the sum of $18.61, recovered on an open account for accessories and parts for said automobile sold and delivered by defendant to plaintiff and charged to plaintiff.

"That at the time of the sale of said automobile, to wit, on the 30th day of October, 1920, defendant was informed and so believed that the said F. J. Green did not own any property in this state subject to execution or forced sale, and for that reason would not have sold said car to him, except on strictly cash terms, but that he would, and did, sell said automobile to the said Mrs. F. J. Green, as aforesaid, in her individual capacity as a married woman, and that she, the said Mrs. F. J. Green, did purchase and receive same in such capacity as her sole and separate property and for her sole and separate use and benefit, and, acting in said capacity, and for said purpose, executed the note hereinabove referred to, and caused the same to be signed by her husband, the said F. J. Green, for the purpose therein above set forth. Defendant further alleges that the judgment made and entered by this court on the 17th day of March 1922, in favor of defendant, Roy Jackson, plaintiff therein, against Mrs. F. J. Green, joined by her husband, F. J. Green, and F. J. Green, jointly and severally, defendants therein, in suit No. 2814, is a valid judgment, and that the same is still unsatisfied, except a credit thereon of $175 paid on same on the 4th day of July, 1922; but, if mistaken in the allegation set forth in this paragraph above, and the court should so hold that said judgment was not good and valid as against the plaintiff herein, the said Mrs. F. J. Green, and should find that she, the said Mrs. F. J. Green, was at the time of the filing of the amended petition herein a feme sole, then and in that event defendant alleges in the alternative that the foregoing statement of this cause of action represents a just and legal obligation owing to him by the said Mrs. F. J. Green, and that the same is unpaid, though the same is past due."

This cause was tried with a jury upon special issues given to the jury, which were answered in favor of appellee, and judgment entered in accordance therewith.

Appellant attacks the judgment in the original case on the ground that it is void because there are no allegations and facts to support it, in that it does not show it to be such a necessity as under article 4624, R. S., will bind the separate estate of a married woman. There was no appeal from the original judgment.

The suit instituted by the Greens was a direct proceeding to set aside the said former judgment by default.

The statement of facts shows a full and complete judgment, in the first instance herein sought to be set aside, regular on its face, against Mr. and Mrs. F. J. Green (husband and wife) for $712.97 principal sued on, $18.61 on open account, $98.15 interest on note, and $81.11 attorney's fees, with 10 per cent. interest thereafter; a foreclosure of the mortgage lien on the mortgaged property and order of sale. It also shows the issuance of the order of sale and delivery of same to the sheriff and his return with no action taken

nor sale of the property. The petition of appellee in the original suit, upon which said judgment was obtained, did not allege a cause of action that would bind the married woman's separate estate, but it does show a final judgment on a joint note of herself and her husband upon proper service, from which no appeal was taken.

Under the rulings in Borchers v. Fly et al. (Tex. Com. App.) 262 S. W. 733, the district court erred in setting aside that part of the original judgment against Mrs. Green. The judgment of the lower court should have been against the Greens on their petition to set aside the judgment, and that would leave the original judgment in effect. The judgment of the lower court attains in fact what was attained in the first judgment; namely, the liability of Mrs. Green. But under the decision cited the original judgment was not open to attack on the grounds alleged, and the judgment of this court should be a reversal and rendition that the plaintiffs (the Greens) in the lower court take nothing by their suit and pay all costs of suit. The petition of Mrs. Green was subject to general demurrer.

Reversed and rendered.